SO ORDERED.

SIGNED this 9 day of June, 2016.

_David M. Warren_
**David M. Warren**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## NEW BERN DIVISION

IN RE:                                                                  CASE NO. 15-06465-5-DMW

MELISSA P. GRIMES

                                                                        CHAPTER 7

         DEBTOR

## ORDER DENYING MOTIONS TO AVOID JUDICIAL LIENS

This matter comes before the court upon the Motion to Avoid Judicial Lien of Marine Federal Credit Union and upon two motions identically titled Motion to Avoid Judicial Lien of Synchrony Bank (collectively "Avoidance Motions") filed by Melissa P. Grimes ("Debtor") on March 15, 2016.  The court conducted a hearing on May 12, 2016 in New Bern, North Carolina, and Clayton W. Cheek, Esq. appeared for the Debtor.  Based upon the pleadings and arguments of counsel, the court makes the following findings of fact and conclusions of law:

1.       This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334.  The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2.      The Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code ("Code") on November 30, 2015 ("Petition Date").  On April 28, 2016, the court granted the Debtor a discharge pursuant to 11 U.S.C. § 727.

3.      The Debtor and her non-debtor spouse own as tenants by the entirety real property ("Property") located at 110 Mill Pond Road, Jacksonville, Onslow County, North Carolina.  The Debtor's Schedules filed with the court on November 30, 2105 reflect that the value of the Property as of the Petition Date was $120,050.00, and the Debtor claimed an exemption in the Property in the amount of $30,000.00 pursuant to N.C. Gen. Stat. § 1C-1601(a)(1).

4.      The Property is encumbered by a first priority deed of trust ("Mortgage Lien") in favor of Sterling Lending Company.  As of the Petition Date, the amount of the Mortgage Lien was $121,784.99.

5.      The following judgments ("Judgments") were entered against the Debtor in Onslow County, North Carolina:

a.      A judgment in favor of Marine Federal Credit Union for the amount of $5,889.25 entered on April 10, 2015, file number 15-CVM-541;

b.      A judgment in favor of Synchrony Bank for the amount of $2,100.51 entered on October 22, 2015, file number 15-CVD-3272; and

c.      A judgment in favor of Synchrony Bank for the amount of $1,094.31 entered on November 2, 2015, file number 15-CVD-3478.

6.      In the Avoidance Motions, the Debtor alleges that the Judgments held by Marine Federal Credit Union and Synchrony Bank (collectively "Judgment Creditors") constitute judicial liens encumbering the Property that are subject to avoidance.  The Code provides that a "debtor may avoid *the fixing of a [judicial] lien* on an interest of the debtor in property to the extent that

2

such lien impairs an exemption to which the debtor would have been entitled . . . ." 11 U.S.C. § 522(f)(1)(A) (emphasis added). The United States Supreme Court examined the language "fixing of a lien," noting that "fix" means "to fasten a liability upon." *Farrey v. Sanderfoot*, 500 U.S. 291, 296, 111 S. Ct. 1825, 1829, 114 L.Ed.2d 337 (1991). The *Sanderfoot* Court reasoned that the fastening of a liability "presupposes an object onto which the liability can fasten." *Id.*

7.      "Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v. United States*, 440 U.S. 48, 55, 99 S.C. 914, 918, 59 L.Ed.2d 136 (1979). The court must, therefore, look to state law to determine the interests of the Debtor and the Judgment Creditors in the Property.

8.      A judgment entered by a North Carolina court is indexed and recorded in the judgment docket of the county where the judgment was entered and may also be transcribed to the judgment docket of other counties within the state. N.C. Gen. Stat. § 1-234 (2003). The docketing of a judgment creates a lien upon all real property within the county owned by the judgment debtor at the time of docketing or acquired by him within ten years from entry of the judgment. *Id.*

9.      In North Carolina, a tenancy by the entirety "is an estate where the husband and wife are neither 'joint tenants' nor 'tenants in common,' since they are considered one person in law." *L & M Gas Co. v. Leggett*, 273 N.C. 547, 550, 161 S.E.2d 23, 26 (1968). "[A] judgment that is against one spouse does not attach to property held by both spouses as tenants by the entirety until the property is converted to another form of estate." *In re Ulmer*, 211 B.R. 523, 525 (Bankr. E.D.N.C. 1997) (citing *Union Grove Milling and Manufacturing Co. v. Faw*, 103 N.C. App. 166, 404 S.E.2d 508 (1991)). *See also In re Foreclosure of Deed of Trust Recorded in Book 911, Page*

*512, Catawba Cty. Registry*, 303 N.C. 514, 519, 279 S.E.2d 566, 569 (1981) (holding that a judgment effective against only one spouse does not attach to real property held by husband and wife in a tenancy by the entirety). Applying this state law to 11 U.S.C. § 522(f), the court agrees with the United States Bankruptcy Court for the Middle District of North Carolina that a judgment against only one spouse does not constitute a judicial lien against property owned as a tenancy by the entirety at the time of a bankruptcy petition. *In re Glover*, Case No. 08-10505C-7G (Bankr. M.D.N.C. Sept. 14, 2010).

10. In support of the Avoidance Motions, the Debtor references *In re Corey*, 2013 WL 3788239 (Bankr. E.D.N.C. July 18, 2013), a similar case from this district in which the debtor owned property as a tenant by the entirety with her non-debtor spouse. Relying on the United States Court of Appeals for the Fourth Circuit's holding that a debtor's interest in a tenancy by the entirety is property of the estate under the broad reach of 11 U.S.C. § 541(a), the late Judge Doub allowed the avoidance of a judicial lien against a debtor, individually, as to her potential future interest in property after dissolution of a tenancy by the entirety.[1] *Id.* at *2-3 (referencing *In re Cardova* 73 F.3d 38, 40 (4th Cir. 1996)). Specifically, Judge Doub held that

> the Debtor is entitled to avoid the entire judgment of Citibank, but only as to the Debtor's interest in the Residence at the time the Debtor acquires such fee simple interest free and clear of the entirety attributes, and not as to her non-debtor spouse's interest. So long as the Debtor owns a tenancy by the entirety survivorship interest, tenancy in common, or fee simple interest in this property, the judgment

---

[1] There are generally three ways by which a tenancy by the entirety can be severed or terminated: absolute divorce of the marriage; death of one of the spouses; and voluntary conversion. *See Martin v. Roberts*, 177 N.C. App. 415, 419, 628 S.E.2d 812, 815 (2006) (holding that "upon an absolute divorce, real property held as a tenancy by the entirety immediately is converted by operation of law to a tenancy in common"); *Leggett*, 273 N.C. at 551, 161 S.E.2d at 26 (holding that "[u]pon the death of husband or wife the survivor becomes the sole owner by virtue of the deed creating the tenancy by the entirety"); *Branstetter v. Branstetter*, 36.N.C. App. 534-35, 245 S.E.2d 87, 89 (1978) (holding that a "tenancy by the entirety may be terminated by a voluntary partition between the husband and the wife whereby they execute a joint instrument conveying the land to themselves as tenants in common or in severalty"). In each of these instances, "[o]nce the tenancy by the entirety has been dissolved, and the real property has been converted to another form of an estate, a creditor's judgment lien may attach to an individual spouse's interest in the new estate." *Martin*, 177 N.C. App. at 419, 628 S.E.2d at 815.

4

lien cannot be enforced against the Debtor's interest and is avoided.  This analysis furthers the policy of providing debtors with a "fresh start."

*Id.* at *3 (citing *Williams v. U.S. Fidelity & Guar. Co.*, 236 U.S. 549, 554-55, 35 S. Ct. 289, 290, 59 L.Ed. 713 (1915)).

11.    The court acknowledges that a tenancy by the entirety is property of the estate under 11 U.S.C. § 541(a); however, the court respectfully disagrees that 11 U.S.C. § 522(f) permits the avoidance of a hypothetical, future "fixing of a lien" on such property should the tenancy by the entirety be dissolved.  "The petition date is the operative date to make *all* § 522(f) determinations." *In re Salanoa*, 263 B.R. 120, 123 (Bankr. S.D. Cal. 2001) (emphasis added).  In the case *sub judice*, on the Petition Date, the Judgments had not attached or "fixed upon" the Property; therefore, there are no judicial liens to avoid.[2]

12.    Despite its dissent from *Corey*, the court believes that the Debtor's "fresh start" remains protected in the event that the tenancy by the entirety ownership of the Property is terminated and the Debtor acquires an interest in the Property to which the Judgments could attach. The "fresh start" that Judge Doub properly defends in *Corey* can be protected by operation of the discharge.

13.    A discharge in bankruptcy "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged . . . ."  11 U.S.C. § 524(a)(1).  Applying applicable California law, the United States Bankruptcy Court for the Eastern District of California determined that when no lien existed

---

[2] The court notes that if the Debtor owned the Property solely in fee simple so that the Judgments had attached to the Property prior to the Petition Date, then the resulting liens would be avoidable.  Pursuant to 11 U.S.C. § 522(f)(2)(A), a lien shall be considered to impair an exemption to the extent that the sum of the lien, all other liens on the property, and the amount of exemption a debtor could claim if there were no liens on the property exceeds the value that the debtor's interest in the property would have in the absence of any liens.  Applying this formula, the sum of the Judgments ($9,084.07) plus the Mortgage Lien ($121,784.99) plus the Debtor's claimed exemption in the Property ($30,000.00) is $160,869.06.  This sum exceeds the value of the Property ($120,050.00), resulting in an impairment of $40,819.06.  This impairment is greater than the aggregate value of the Judgments.

on the date of a bankruptcy petition, "no judgment lien could have been created post-discharge even though the Debtors had acquired attachable property because the underlying judgment was previously discharged and rendered void." *In re Thomas*, 102 B.R. 199, 201 (Bankr. E.D. Cal. 1989).   In support of its holding, the *Thomas* court noted that "California courts have long recognized the maxim that a lien cannot survive (much less be created in the first place) absent the existence of an enforceable underlying obligation." *Id.* (citations omitted).  Similarly, the North Carolina Supreme Court held that a discharge in bankruptcy bars all future legal proceedings to enforce payment of a pre-bankruptcy judgment debt, including execution and levying upon property. *First-Citizens Bank & Trust Co. v. Parker*, 232 N.C. 512, 514-15, 61 S.E.2d 441, 442-43 (1952).  Although not referencing North Carolina law, the United States Bankruptcy Court for the Middle District of North Carolina held that "[o]nce a judgment had been voided under section 524, it could not thereafter attach as a lien to real property that came into the possession of the [debtor]." *Glover*, *supra* (citations omitted).  *See also In re Yates*, 47 B.R. 460, 462 (Bankr. D. Colo 1985) (equating Colorado law with North Carolina law to hold that when a debtor acquired property post-discharge, there was no debt owing to judgment creditors which would form the basis for a lien).

14.     A review of basic debtor-creditor law and procedure supports this reasoning.  No judgment can be obtained, either by consent, default, or verdict, unless a financial obligation exists to support the judgment.  Without a debt, which is voided by the bankruptcy discharge, the judgment does not exist.  Without a judgment, no lien can be created.

15.     The court concludes that because the Judgments had not attached to the Property prior to the Petition Date, the Avoidance Motions must be denied.  A determination of the effect of the Judgments on any property subsequently acquired by the Debtor, including by dissolution

of the tenancy by the entirety ownership of the Property, is not properly within this court's jurisdiction and is not properly before it; however, it is very unlikely that a North Carolina judgment based upon a discharged debt will ever create a valid post-discharge judicial lien; now therefore,

IT IS ORDERED, ADJUDGED, AND DECREED that the Avoidance Motions be, and hereby are, denied.

**END OF DOCUMENT**